**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED



OCT 30 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TANISHA MARIE TATUM, | No. 18-15762 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00185-SPL |
| v. | |
| DAVITA HEALTHCARE PARTNERS, INC., a Delaware Company; SUN CITY DIALYSIS CENTER, LLC, DBA Palm Brook DaVita Dialysis, a Delaware limited liability company, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted October 21, 2019[**]
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  BYBEE and N.R. SMITH, Circuit Judges, and MENDOZA,[***] District Judge.

Appellant Tanisha Tatum worked for just over one year at appellee DaVita Healthcare Partners's dialysis clinic in Sun City, Arizona.  Tatum had several interpersonal conflicts with co-workers and resigned shortly after lodging a formal complaint with the human-resources department.  She then sued DaVita and the clinic (together, "DaVita"), claiming she was discriminated against based on her race and was constructively discharged in retaliation for her complaint.

The district court granted summary judgment in DaVita's favor on both of Tatum's claims; Tatum now appeals.  We affirm.

1.     Tatum alleges that she was subjected to a hostile work environment based on her race.  To establish a prima facie hostile-work-environment claim, a plaintiff must show "(1) the defendants subjected her to verbal or physical conduct based on her race; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment."  *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008).  Tatum complains of several incidents she argues combined to create a hostile work environment.  But her co-workers' conduct, while offensive, generally

***     The Honorable Salvador Mendoza, Jr., United States District Judge for the Eastern District of Washington, sitting by designation.

2

falls into the "offhand comments category of non-actionable discrimination," *Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003) (internal quotation marks omitted), and any conduct directed at Tatum personally was not severe or pervasive enough to rise to the level of abusive, *see Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (noting that Title VII is not a "general civility code" and that "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment") (internal quotation marks and citation omitted).

Even if Tatum were subjected to a hostile work environment, her claim still fails because there is no evidence that DaVita knew about the mistreatment and failed to take remedial action. *See Nichols v. Azteca Rest. Enters., Inc.*, 256 F.3d 864, 875 (9th Cir. 2001). This is especially true in light of Tatum's resignation while DaVita was beginning its investigation into her complaint.

2. To establish a prima facie case of retaliation, Tatum "must show (1) involvement in a protected activity, (2) an adverse employment action, and (3) a causal link between the two." *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). It is undisputed that Tatum engaged in protected conduct by reporting allegedly racist comments. But Tatum's claim fails at the second element of her prima facie case.

3

Because Tatum failed to show that she was subjected to a hostile work environment, she cannot "meet the higher standard of constructive discharge: conditions so intolerable that a reasonable person would leave the job." *Id.* at 930. Even considering the evidence in the light most favorable to Tatum, we cannot see "how a reasonable trier of fact could find that she was driven from the workplace." *Id.* Tatum therefore fails to show that she suffered an adverse employment action.

**AFFIRMED.**